UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL NO. |
| vs. § | AU:20-CR-00289(3)-RP |
| § | |
| (3) BENNY DANESHJOU § | |

**SCHERTZ BANK & TRUST'S RESPONSE TO MOTION FILED BY SALLY DANESHJOU PRO SE TO REQUEST RECONSIDERATION OF THE ORDER OF THE COURT FOR A RECEIVER TO SELL THE PROPERTY LOCATED AT 9601 WEIR LOOP ROAD , AUSTIN, TEXAS 78736 "PROPERTY" (related to Dkt. 553)**

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

Comes now Schertz Bank & Trust ("SB&T"), lien holder to real property commonly known as 9601 Wier Loop, Austin, Texas, 78736 ("Weir Loop Property") which is the subject of the above styled criminal forfeiture action. SB&T files it Response to the *Motion of Sally Daneshjou Pro Se to Request Reconsideration of the Order of the Court for a Receiver to Sell the Property Located at 9601 Weir Loop Road , Austin, Texas 78736 "Property"* ("Motion to Reconsider"), Dkt. 558. SB&T shows the Court the following:

1. Paragraph One does not call for an admission or denial, but to the extent an admission or denial is required, SB&T denies the allegations of Paragraph One for purposes of an argument and evidence.

2. SB&T cannot admit or deny the allegations of Paragraph Two as it is unclear what Ms. Daneshjou means by incorporating "additional information in regard to matters to the Property". If a response is required as to the same allegation, SB&T denies the allegation, along will all other allegations of Paragraph One.

3. SB&T cannot admit or deny the allegations of Sentence One of Paragraph Three as the

      meaning of the sentence is unclear. SB&T denies the allegations in Sentence Two. SB&T cannot admit or deny the allegations of the remaining sentences of Paragraph Three and if an admission or denial to the same sentences is required, SB&T denies the allegations.

4. SB&T cannot admit or deny the allegations of Paragraph Four as the meaning of the allegations is unclear. If a response to the allegations of Paragraph Four is required, SB&T denies the allegations.

5. SB&T cannot admit or deny the allegations of Paragraph Five as the meaning of paragraph Five is unclear. If a response to the allegations of Paragraph Five is required, SB&T denies the allegations.

6. SB&T cannot admit or deny the allegations of Paragraphs Six, Seven, Eight, Nine, Eleven, Fourteen, and Fifteen. To the extent an admission or denial is required, SB&T denies the allegations of the same paragraphs.

7. SB&T admits the allegation in Sentence one of Paragraph Ten to the extent Benny Daneshjou sought to payoff the note owed to SB&T. As to Sentence Two, SB&T admits its attorney wrote in an email, attached as Exhibit 3 to Ms. Daneshjou's Motion to Reconsider, that SB&T "would consider a payoff of the Note by a traditional lender, like a bank." SB&T cannot admit or deny the allegations of Sentences Three and Four, but to the extent an admission or denial is required, SB&T denies the allegations of the same sentences. SB&T denies the allegations in Sentence Five.

8. As to Paragraph Twelve, SB&T admits communications were had with a representative of the insurance company which provides insurance coverage to the Weir Loop Property. The communications were two fold: 1) to determine if the insurance premium had been paid to

reinstate the lapsed insurance after notice of the lapse was received by SB&T from the insurance company; and 2) SB&T would have put force place insurance in place to protect the Property if the insurance had not been reinstated. SB&T denies the negative inference of Ms. Daneshjou's allegations concerning the attempt to protect the Property through insurance coverage.

9. SB&T denies the allegation in the Sentence Four of Paragraph 13 that various individuals and entities were "instructed by SB&T to remain as the Borrower on Property they do not own." SB&T cannot admit or deny the allegations in the other sentences of Paragraph 13, but to the extent an admission or denial is required, SB&T denies the allegations of the same sentences.

10. Paragraphs Sixteen and Seventeen consist of arguments or opinions of Ms. Daneshjou and do not call for an admission or denial. To the extent an admission or denial is required, SB&T denies the allegations of Paragraphs Sixteen and Seventeen.

SB&T asks the Court to deny all relief requested by Ms. Daneshjou in her Motion to Reconsider the Court's order for an interlocutory sale. SB&T asks for any further relief that SB&T may be justly entitled to receive.

Signed: November 23, 2022.

Respectfully submitted,

Law Offices of Elizabeth G. Smith
6655 First Park Ten, Suite 240
San Antonio, Texas 78213
Phone: (210) 731-9177    Fax: (210) 731-9130
E-mail: beth@egsmithlaw.com

By:      /s/ *Elizabeth G. Smith*
        Elizabeth G. Smith

State Bar No. 18577200<br>
**Attorney for Schertz Bank & Trust**

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, a true and correct copy of the foregoing Schertz Bank & Trust's Response to the Motion of Sally Daneshjou Pro Se to Request Reconsideration of the Order of the Court for a Receiver to Sell the Property Located at 9601 Weir Loop Road , Austin, Texas 78736 "Property" ("Motion to Reconsider"), was served by **1st Class Mail or as specified below to:**

a.   Mark H. Marshall, U.S. Attorney's Office
     903 San Jacinto Blvd., Suite 334
     Austin, TX 78701
     **Email** mark.marshall@usdoj.gov **and through CMECF**

b.   Mark Tindall, U.S. Attorney's Office
     903 San Jacinto Blvd., Suite 334
     Austin, Texas 78701
     **Email** mark.tindall@usdoj.gov **and through CMECF**

c.   Sally Daneshjou          **by 1st Class Mail and CMRRR**
     2300 Portofino Ridge Dr.
     Austin, TX 78735

d.   Benny Daneshjou          **by 1st Class Mail and CMRRR**
     2300 Portofino Ridge Dr.
     Austin, TX 78735, in his capacity in the following entities:
     I.   Manager of DQ Design & Development, LLC, ("DQ D & D, LLC");
     ii.  President and registered agent of Daneshjou Business Holdings, Inc., the 100% owner of DQ D & D, LLC.

e.   Counsel for Benny Daneshjou:  Stephen M. Orr, Attorney at Law
     603 W. 17th Street
     Austin, TX 78701
     **Email** sorr1@mac.com **and through CMECF**

**by electronic notice** to those parties registered on the Court's Electronic Mail Notice List for this case as indicated above.

 /s/ Elizabeth G. Smith<br>
Elizabeth G. Smith