FILED
September 05, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____klw_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff<br><br>v<br><br>**BENNY DANESHJOU**<br>Defendant | **CRIMINAL NO. A:20-CR-00289-RP**<br><br>**SUPERSEDING INDICTMENT**<br><br>[Ct. 1: 21 U.S.C. §§ 846 & 841 – Conspiracy to Manufacture and Distribute Psilocybin Mushrooms and other Controlled Substances;<br>Ct. 2: 21 U.S.C. § 841 & 18 U.S.C. § 2 - Aiding and Abetting the Manufacture and Distribution of Psilocybin Mushrooms and other Controlled Substances;<br>Ct. 3: 18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments] |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**[21 U.S.C. §§ 841(a)(l) and 846]**

Beginning in or about April 2019 and continuing until on or about December 3, 2020, in the Western District of Texas, Defendant,

**BENNY DANESHJOU,**

did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to manufacture and distribute a controlled substance, that is psilocybin mushrooms, a Schedule I Controlled Substance; as well as to distribute other Controlled Substances.

In violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(l)(C).

**COUNT TWO**
**[21 U.S.C. §§ 841(a)(l); 18 U.S.C. § 2]**

Beginning in or about April 2019 and continuing until on or about December 3, 2020, in the Western District of Texas, Defendant,

**BENNY DANESHJOU,**

did knowingly, intentionally and unlawfully aid and abet the manufacture and distribution of a controlled substance, that is psilocybin mushrooms, a Schedule I Controlled Substance; as well as the distribution of other Controlled Substances.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

**COUNT THREE**
**[18 U.S.C. § 1956(h)]**

Beginning in or about April 2019 and continuing until on or about December 3, 2020, in the Western District of Texas, Defendant,

**BENNY DANESHJOU,**

and others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree among themselves and each other to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is Conspiracy to Manufacture and Distribute Controlled Substances, as alleged in Count One, with the intent to promote the carrying on of specified unlawful activity, that is Conspiracy to Manufacture and Distribute Controlled Substances, as alleged in Count One, and that while conducting and attempting to conduct such financial transaction knew that the property involved in

the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Conspiracy to Manufacture and Distribute Controlled Substances, as alleged in Count One, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
*[See* **FED. R. CRIM. P. 32.2]**

**I.  Controlled Substance Violation and Forfeiture Statute**
**[21 U.S.C. §§ 841 & 846, subject to forfeiture pursuant to**
**21 U.S.C. §§ 853(a)(l) & (2)]**

As a result of the criminal violations set forth in Counts One and Two, the United States of America give notice to the Defendants of its intent to seek the forfeiture of properties, including the items listed below, upon conviction and as part of sentencing pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. *§* 853(a)(l) & (2).    Section 853 specifically provides the following:

**Title 21 U.S.C. § 853**
    **(a)** Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law;
        **(1)**   any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

**(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation....

## II. Forfeiture Statutes for Money Laundering
[18 U.S.C. §1956(h), subject to forfeiture pursuant to 18 U.S.C. § 982(a)(l)]

As a result of the foregoing criminal violations set forth in Count Three, the United States gives notice to the Defendants of its intent to seek the forfeiture of properties, including the items listed below, Defendant shall forfeit all right, title, and interest in said property to the United States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(l), which states:

**18 U.S.C. § 982. Criminal Forfeiture**
**(a)(l)** The court is imposing sentence on a person convicted of an offense in violation of sections 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## III. Subject Property

This notice of Demand for Forfeiture includes, but is not limited to, the following:

$ 49,020.00, more or less, in United States Currency

**Real Property:**
Real Property located and situated at:

**9601 Wier Loop, Austin TX 78736**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any and more fully described as:

Field notes for 2.024 acres of land. More or less, out of the Marcos Thomas survey 509, Travis County, Texas said 2.024 acres conveyed to Cindy M. Ellis by Warranty Deed recorded in Volume 12828, Page 1592, Real property records, Travis County, Texas; For which a more particular description by metes and bounds is as follows:

BEGINNING at an iron rod found on the west R.O. W. of Wier Loop Road at the S.E. corner of said 2.024-acre tract for the S.E. corner hereof; THENCE S45º15'01''W for a distance of 534.24 feet a pipe found for the S.W. corner hereof;
THENCE N32º 38'37''W for a distance of 171.67 feet to an iron rod found for the N.W. corner hereof;

THENCE N45° 16'16'00''E for a distance of 516.62 feet to a 60d Nail found on the west R.O.W. of Wier Loop Road at the N.E. corner of said 2.024-acre tract of the N.E. corner hereof:
THENCE S38° 29'48''E along the west R.O.W. of Wier Loop Road for a distance of 168.71 feet to the POINT OF BEGINNING, containing 2.024 acres of land; and,

**2610 S. 3rd Street, Austin TX 78704**,
with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any and more fully described as:

Lot 3, Block "C", Oak Ridge Heights, Section One, a subdivision in Travis County, Texas, According to the map or plat recorded in volume 4, page 212, of the plat records of Travis County, Texas.

**Money Judgment:**
A sum of money that represents the property involved in and/or the amount of proceeds traceable, directly or indirectly, to the violations set forth in Counts One, Two, and Three, for which Defendant is liable.

**Substitute Assets:**
If any of the property described above, as a result of any act or omission of Defendants:

   a. Cannot be located upon the exercise of due diligence;
   b. Has been transferred or sold to, or deposited with, a third person;
   c. Has been placed beyond the jurisdiction of the Court;
   d. Has been substantially diminished in value; or
   e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by

Defendant up to the value of the Money Judgment as substitute assets, pursuant to FED. R.

CRIM. P. 32.2 and 21 U.S.C. § 853(p).

FOREPERSON

JAIME ESPARZA
UNITED STATES ATTORNEY
By: _____
FOR: MARK H. MARSHALL
ASSISTANT UNITED STATES ATTORNEY