**FILED**

October 22, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____

Julie Golden

DEPUTY

United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br>  Plaintiff, | |
| v. | No. 1:20-CR-289-RP |
| (3) Benny Daneshjou,<br>  Defendant. | |
| Arch Funding,<br>  Third Party | |

**Order For Confirm Sale Of Property At 2610 S. 3rd. Street,
Austin, Travis County, Texas 78704 And Order To Distribute Proceeds**

Before the Court is the Motion to Confirm Sale of the Property at 2610 S. 3rd Street, Austin, Travis County, Texas 78704 and to instruct the receiver to direct the funds from the sale to an interest-bearing account pursuant to Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure. The Court is of the opinion that said motion is meritorious and well-founded, and, therefore, the motion is hereby GRANTED. IT IS, THEREFORE, ORDERED THAT

1.  The Court shall confirm sale of the real property located at 2610 S. 3rd Street, Austin, Travis County, Texas 78704 (the "Property"), legally described as follows:

> Lot 3, Block "C", Oak Ridge Heights, Section One, a subdivision in Travis County, Texas, according to the map or plat recorded in volume 4, page 212, of the plat records of Travis County, Texas

to Lalande Holdings, LLC, which has offered the United States $65,000.00 in cash at closing and $610,000.00 for the Property in an "as is" condition.

2.  The Parties shall cooperate with the transfer of custody and accommodate the Receiver with to effectuate the transfer of the Property.

3.  The titled owner of the Property, 2610 S. 3RD, LLC, must complete all forms

necessary to close on the Subject Real Property.

4.    The net proceeds from the sale of the Subject Real Property, as defined in the paragraph 5, must be held in an interest-bearing account and shall be held as the substitute *res* for the Subject Real Property, maintained by the Receiver pending the conclusion of the forfeiture action, pursuant to Rule G(7)(b)(iv). Upon entry of a forfeiture judgment by the Court, the proceeds from selling the Property will be disposed of as provided by law.  Rule G(7)(c).  This interlocutory sale does not prevent the Defendant from contesting forfeiture of the Property, nor does it abrogate the ancillary proceeding under Rule 32.2, so any potential third party will retain the ability to litigate ownership of the Property.

5.    The net proceeds from the confirm sale of the Subject Real Property shall include all money realized from the sale of the property, less the following:

    a.  Real estate commissions, if any;

    b.  Real property taxes which are due and owning;

    c.  Insurance costs, if any;

    d.  All costs incurred by the Receiver in connection with the maintenance, repair, marketing, and sale of the property;

    e.  Escrow fees;

    f.  Document recording fees not paid by the buyer;

    g.  Title fees; and

    h.  County transfer taxes.

6.    The liens or interest of any party who has a lien or interest in the property shall attach to any sales proceeds in the same manner and priority as their interests in the Property.

7.    If the net proceeds of the sale are insufficient to pay the amounts due on any lien

on the Property, this order shall not affect any rights any lienholders may have to seek a deficiency judgment against the Defendant.  No deficiency resulting from a sale pursuant to this order shall be a basis for action or recovery against the United States.

8.    In furtherance of the Order Confirming the Sale, the Parties shall execute promptly any Documents which may be required to complete the confirm sale of the Subject Real Property and subsequent transfer of good title to the buyer(s).

IT IS SO ORDERED.

SIGNED this 22nd day of ___October_____, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE